**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LINDA LOUISE ROBERTS,
Executrix of the Estate of
Kenneth John Roberts,

                Plaintiff,

v.                               CIVIL ACTION NO.  2:05-cv-00320

ANCHOR PACKING CO., et al.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**


    Pending before the court is the plaintiff's Motion to Remand and for Emergency Hearing [Docket 4].  Plaintiff Linda Louise Roberts originally filed this action in West Virginia state court on August 16, 2004.  On April 15, 2005, defendant Owens-Illinois, Inc. removed the action based on the federal defense of government contractor immunity, pursuant to 28 U.S.C. § 1442(a)(1).   Roberts now moves this court for remand pursuant to 28 U.S.C. § 1447(c), arguing that Owens-Illinois exceeded the 30-day limit for removal and failed to show proper removal on the merits under the federal officer statute, 28 U.S.C. § 1442(a)(1).   Because Owens-Illinois did not timely remove this case, federal jurisdiction does not exist.  The court need not address the substantive grounds for removal.  Accordingly, the court **GRANTS** the plaintiff's motion to remand and **DENIES AS MOOT** the plaintiff's request for emergency hearing.

Defendants generally must file for removal within 30 days of receiving the initial pleading. 28 U.S.C. § 1446(a). This 30-day period begins to run only where an initial pleading reveals a ground for removal. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Where such details are obscured, omitted, or misstated, the defendant must remove the case within 30 days of discovery of the grounds for federal jurisdiction in an amended pleading, motion, order, or other paper. 28 U.S.C. § 1446(b)*; Lovern*, 121 F.3d at 162.

Neither party argues that the case was removable based on initial pleadings. Instead, the parties dispute when it could first be ascertained from "other paper" that removal was proper. The Fourth Circuit has determined that the "motion, order or other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." *Link Telecomms., Inc. v. Sapperstien, et al.*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) (citations omitted). The term "other paper" has been construed to include, for example, requests for admissions, deposition testimony, settlement offers, answers to interrogatories, briefs, and product identification documents given in discovery. *Id.*

Roberts contends that the 30-day removal period was triggered by service of the plaintiff's initial disclosures on October 18, 2004 and alternatively by service of the plaintiff's witness disclosures concerning the anticipated deposition testimony of Master Chief BT M. Joe Anderson on or about March 4, 2005. The plaintiff's October 18, 2004 initial disclosures included a table of exposure information that listed Owens-Illinois as the manufacturer/supplier of Kaylo pipecovering and/or block insulation associated with plaintiff's alleged asbestos exposure while on a U.S. Navy work site/location from 1955-1959. The plaintiff's March 4, 2005 disclosure revealed that Mr. Anderson's anticipated deposition testimony would identify

-2-

Owens-Illinois Kaylo as one of the asbestos-containing products present on the U.S.S. Moale, the navy ship where plaintiff worked and was allegedly exposed to asbestos from 1955-1959. Owens-Illinois asserts that it was first put on notice of removability during the deposition testimony of Mr. Anderson taken on March 16, 2005 when it reasonably determined from Mr. Anderson's testimony that the federal contractor defense under 28 U.S.C. 1442(a) was available. Owens-Illinois argues that neither of the documents cited by Roberts could "unequivocally provide sufficient notice within the four corners of the documents themselves." Def.'s Resp. Mem. at 2-3.

The Fourth Circuit has stated that it "will not require courts to inquire into the subjective knowledge of the defendant . . . [r]ather, [it] will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern*, 121 F.3d at 162.  Most courts that have considered this issue require that a defendant remove the case within thirty days "unless the initial pleading provides no clue that the action may be removable."  *Link Telecomms.,* 119 F. Supp. 2d at 541 (quoting *Kaneshiro v. N. Am. Co. for Life and Health Ins.,* 496 F. Supp. 452, 460 (D. Haw. 1980); *see also, Spreeman v. HealthSouth Corp*., No. 95-1366, 1996 WL 129814 at *3 (D. Kan. Feb. 27, 1996) (indicating that the vast majority of cases that have considered this question since *Kaneshiro* have followed the above standard).  Accordingly, there is no requirement that removability be unequivocally clear to trigger the thirty-day clock.

In light of the principles set forth above, I **FIND** that the plaintiff's discovery disclosures provided Owens-Illinois with sufficient information to constitute notice of grounds for removal.

-3-

Both the October 18, 2004 and March 4, 2005 disclosures indicated that plaintiff alleged exposure to asbestos through work around Owens-Illinois Kaylo while in the Navy. *See, e.g., Carter v. Acands*, *Inc*. 2002 WL 31682352 *3 (E.D. Tex. June 27, 2002) (Noting that a paper disclosing that plaintiff would present a witness to testify that Mr. Carter had been exposed to asbestos through work around Westinghouse turbines aboard the U.S.S. Towers, a Navy ship, was specific enough to provide sufficient notice of removability). This information contained in the plaintiff's discovery disclosures certainly provided Owens-Illinois with more than a clue of possible government contractor immunity. Further considering the Fourth Circuit's directive that "[a]ny doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction," *Marshall v. Manville Sales*, Corp. 6 F. 3d 229, 232 (4th Cir. 1993), I **FIND** that remand is the appropriate course of action in this case. Accordingly, there is no need to address Owens-Illinois' substantive grounds for removal.

For these reasons, the plaintiff's Motion to Remand is **GRANTED,** and the plaintiff's Motion for Emergency Hearing is **DENIED AS MOOT** [Docket 4]. Accordingly, the court **REMANDS** this case to the Circuit Court of Marshall County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER:      May 19, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

-4-